# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR LANN PITTMAN, CDCR #F-64353,<br><br>Plaintiff,<br><br>vs.<br><br>GARY SANDOR; MARY FERNANDEZ,<br><br>Defendants. | Civil No.   10-1083 JM (BLM)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a state prisoner proceeding pro se and currently incarcerated at the California Rehabilitation Center in Norco, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

**I.   Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

/ / /

/ / /

Plaintiff has not prepaid the $350 filing fee required to commence this action, nor has he submitted a Motion to Proceed IFP. Therefore, the action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a). Moreover, the Court notes that while it would ordinarily grant Plaintiff leave to file a Motion for IFP, he is no longer entitled to that privilege.

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

And while the PLRA does not require a prisoner to declare that § 1915(g) does not bar a request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff has had at *least* three prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] They are:

1) *Pittman v. Van Stralen, et al.*, Civil Case No. 08-1747 (PLA) (C.D. Cal. Dec. 16, 2008 Order denying motion to proceed IFP and finding Complaint to be legally and/or patently frivolous) (strike one);

2) *Pittman v. Stacie*, Civil Case No. 08-1900 (PLA) (C.D. Cal. Jan. 14, 2009 Order denying motion to proceed IFP and finding Complaint to be legally and/or patently frivolous) (strike two); and

3) *Pittman v. Martel*, Civil Case No. 08-1899 (PLA) (C.D. Cal. Jan. 14, 2009 Order denying motion to proceed IFP and finding Complaint to be legally and/or patently frivolous) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g) and his present Complaint contains no "plausible allegations," of imminent danger of serious physical injury at the time he filed it, he is not entitled the opportunity to proceed IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez,* 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*,

---

[1] The Court also notes that according to PACER, Plaintiff has filed more than 120 civil rights actions in the Central, Southern and Eastern Districts of California since November 10, 2008.

745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a); and

(2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: May 27, 2010

Hon. Jeffrey T. Miller
United States District Judge